

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,565-01

## EX PARTE KERRY MAX COOK, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1-77-179 IN THE 114TH DISTRICT COURT
## SMITH COUNTY

*Per curiam*.

## <u>ORDER</u>

On May 10, 2022 Applicant filed a motion for (1) a partial ruling on the uncontested recommendation to vacate applicant's conviction, (2) an order compelling compliance with the Court's May 20, 2019 order seeking missing documents, and (3) a ruling on the contested actual innocence claim after the full record is received. We defer judgment on the conviction and actual innocence claim until the full record is received. However, we issue this order to the trial court commanding compliance with this Court's May 20, 2019 order. *See* Appendix. This Court has not received the items requested from the county of conviction.

Applicant filed this writ in the trial court in September 2015. This Court granted the habeas court two time-extensions to complete its habeas recommendation. During that time, Applicant changed his attorney of record. When the habeas court forwarded the writ to this Court, the record received by this Court was incomplete. Trial transcripts, among other things, were missing. Numerous attempts by the respective clerks to complete the record culminated in this Court issuing the May 20, 2019 order. Additionally, since the 2019 order, Applicant now has a new attorney of record. Yet no items missing from the record have been received from the county of conviction.

Commanding compliance with our 2019 order, we order the trial court: (1) to determine which of the items listed in the various designations of evidence were actually filed with the district clerk and should, therefore, be a part of the evidence in the case; (2) whether these items were forwarded to this Court, or if not, where they are now; and (3) if the items are not in the file, whether the file can be supplemented with the missing items. Once these determinations have been made and appropriate findings issued, the clerk should be ordered to send to this Court in a supplemental record of all items properly in the record but not previously forwarded to this Court.

The trial court has **14** days from the date of this order to make the determinations requested, send findings of those determinations to this Court, and have the clerk supplement the record with any missing items.

IT IS SO ORDERED THIS THE 1ST DAY OF SEPTEMBER, 2022.

Do not publish

**Appendix to Order**

Affidavits
4. Cheryl Wattley, 6/3/2016
6. David Hanners, 1/11/2016
13. James McCloskey, 6/21/2016 re Mayfield
14. James McCloskey, 6/21/2016 re Wickham
16. John Ament, 6/3/2016
17. Kerry Cook, 1/14/2016
19. Kerry Cook, 6/18/2016

Demonstrative Aid
34. Crime-scene Photos Compared to Excerpts from *The Sexual Criminal* Files
43. DPS Garland
44. DPS Tyler
45. Tyler PD

Letters
46. Cheryl Wattley to Smith County, 2/16/1999
49. Smith County to Cheryl Wattley, 2/12/1999

Recordings
51. Bea Taylor Interview
52. James Mayfield Interview 4/5/2016

Reports
54. Ranger Dowell, 6/28/1977
55. State's Chain of Custody, 4/27/2012
57. Tyler PD –Rudolph ID of Mayfield

Statements
59. Collard Response to IAI 5/22/1989
60. Rodney Dykes 8/3/1977

Transcripts
65. Bea Taylor Interview
69. Randy Dykes Grand Jury 10/3/1977
70. Rodney Dykes Grand Jury 10/3/1977

Other
- Applicant filed a "Designation of Rebuttal Evidence," but no evidence was attached.
- There is a reference to the "State's Designation of Written Evidence," but we do not have the document designating the State's evidence nor do we have the evidence itself.